# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

        Plaintiff,

v.

STEPHANIE L. MCQUADE and DONALD H. MCQUADE, JR.,

        Defendants.

)
)
)
)
)  Docket no. 2:16-cv-479-GZS
)
)
)
)
)

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 11). Plaintiff Federal National Mortgage Association filed a complaint against Stephanie L. McQuade and Donald H. McQuade, Jr., seeking an in rem foreclosure judgment against their property in Auburn, ME. (Compl. (ECF No. 1), Page ID #s 13-16.) The McQuades failed to answer or otherwise appear and, on December 22, 2016, the Clerk entered a default against them upon Plaintiff's motion. (ECF No. 8.) The Court has set the pending Motion for Default Judgment for a hearing to be held on July 6, 2017, at 9 AM.

In preparation for this hearing, the Court hereby ORDERS that Plaintiff's Counsel shall provide courtesy copies of all hearing exhibits to the Clerk's Office no later than noon on July 5, 2017. The Court notes that Plaintiff has specifically disclaimed any entitlement to relief beyond an in rem judgment against the property. (See Compl., Page ID #s 13-16.) Additionally, although Plaintiff alludes to issues of priority, Plaintiff is the only creditor appearing in this action.

Assuming that there are no priority issues and Plaintiff is seeking only a foreclosure remedy, Plaintiff's Counsel shall be prepared to present and/or address the following at the July 6th hearing:

(1) the standing of Plaintiff despite the role of Mortgage Electronic Registration Systems, Inc. ("MERS") "as nominee for Citimortgage" within the chain of mortgage assignments;[1]

(2) the original note for inspection, along with a copy of the note to be submitted into evidence;

(3) certified copies of the mortgage and any assignments and endorsements of the mortgage;

(4) a qualified witness who can certify the payment history business records in accordance with F.R.E. 803(6). To the extent that this witness is not employed by Plaintiff, counsel shall provide evidence that the witness and/or witness' employer is an agent of Plaintiff;

(5) whether Plaintiff is pressing the claims asserted in Counts II-V of the Complaint; and

(6) a timeframe for submitting a proposed judgment to the Court following the hearing.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 24th day of May, 2017.

---

[1] As articulated by the Law Court, if MERS is assigned a mortgage as "nominee" for another entity, MERS may be restricted in its ability to assign an ownership interest in the mortgage. See Bank of Am., N.A. v. Greenleaf, 96 A.3d 700, 704-05, 706-08 (Me. 2014); Mortg. Elec. Registration Sys., Inc. v. Saunders, 2 A.3d 289, 293-97 (Me. 2010). In this case, the documents provided by Plaintiff demonstrate that on May 1, 2006, Union Federal Bank of Indianapolis assigned the mortgage to MERS "as nominee for Citimortgage." (Ex E to Compl. (ECF No. 1-5), Page ID # 41.) On December 11, 2012, MERS purported to assign the mortgage to Nationstar Mortgage, LLC. (Ex. F to Compl. (ECF No. 1-6), Page ID # 42.) If this series of assignments broke the chain of ownership over the mortgage similar to the break found in Greenleaf, Nationstar's later assignment of the mortgage to Plaintiff would not give Plaintiff the right to foreclose on the mortgage.