# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MTGLQ INVESTORS, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 2:16-cv-00479-GZS |
| ) | |
| STEPHANIE L. MCQUADE & DONALD ) | |
| H. MCQUADE, JR., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFF'S POST-JUDGMENT MOTION

Before the Court is a motion filed by Plaintiff MTGLQ Investors, LP, titled, "Motion to Join Party-In-Interest And to Extend Time in Which to Commence Publication of Notice of Sale" (ECF No. 32). As Plaintiff notes in its Motion, the Judgment of Foreclosure and Sale (ECF No. 29) was entered on September 12, 2017, and this case was thereafter closed. After the entry of final judgment, Plaintiff apparently realized that they had mistakenly failed to include American Express Centurion Bank as a party-in-interest despite its clear status as a junior lien holder. See 11/20/09 Writ of Execution (ECF No. 32), PageID # 140. Plaintiff's pending Motion is an effort to correct this mistake since they now recognize this substantive error "may affect title to the subject property." (Pl. Mot., PageID # 135-36.)

Given Plaintiff's desire to essentially amend the 2017 Judgment of Foreclosure and Sale, Plaintiff's Motion must be viewed as seeking relief under Federal Rule of Civil Procedure 60, a rule that is neither cited or discussed in Plaintiff's Motion.[1] More specifically, the Court construes

---
[1] If the only relief Plaintiff was seeking was a simple extension of the publication and public sale deadlines pursuant to 14 M.R.S.A. § 6323(3), the Court might not construe the Motion as falling under Rule 60. However, the relief sought by Plaintiff via the present Motion exceeds an extension of time.

Plaintiff's Motion as seeking relief under Rule 60(b)(1). So construed, Plaintiff's request for relief is subject to the time limitations contained in Rule 60(c)(1), which requires that Rule 60(b)(1) motions be filed within a year of the entry of judgment. The pending Motion was filed on November 8, 2019, more than a year after that deadline.

In the absence of any evidence of extraordinary circumstances, the Court concludes that Plaintiff's Motion is time-barred. See United States v. Berenguer, 821 F.2d 19, 21 (1st Cir. 1987) ("The one-year time limit imposed on motions brought under subsection (1) of Rule 60(b) is considered an absolute bar to motions filed after that period."); Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2864 (3d ed.) (discussing the "extraordinary circumstances" test & the limitations of Rule 60(b)(6)). For that reason, the Court DENIES Plaintiff's Motion (ECF No. 32). The Clerk is directed to mail a copy of this Order to both the Defendants and Proposed Party-In-Interest American Express Centurion Bank at the addresses listed in the Plaintiff's Certificate of Service (ECF No. 32-2).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 15th day of November, 2019.